UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID PANNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04272-WTL-MJD |
| | ) | |
| JANE MAGNUS-STINSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Filing Restriction and Screening Complaint**

**I.**

Plaintiff David Pannell is a restricted filer in all courts within the United States Court of Appeals for the Seventh Circuit. Specifically, on April 11, 2017, the Seventh Circuit issued the following filing restriction in *Pannell v. Neal*, Nos. 17-1536 & 17-1573:

> Pannell is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit, in accordance with *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995). Any papers he submits attacking his current criminal judgment, including future collateral attacks, shall be returned unfiled and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise.

Mr. Pannell filed this action on October 20, 2017, in Indiana state court against Chief Judge Magnus-Stinson, the District Judge from this Court who ruled on Mr. Pannell's 28 U.S.C. § 2254 habeas action in Case No. 1:12-cv-01301-JMS-DML; Kelly Miklos, the attorney from the Indiana Attorney General's Office who represented the respondent in Mr. Panell's § 2254; and Gregory Zoeller, the former Indiana Attorney General. The action was removed to federal court, specifically, the United States District Court for the Northern District of Indiana. It was then transferred to this Court.

This Court concluded that this action falls within the Seventh Circuit filing restriction and therefore ordered Mr. Pannell to demonstrate that the fine imposed in Nos. 17-1536 & 17-1573 has been paid or that the filing restriction is otherwise inapplicable. Mr. Pannell has responded. He does not demonstrate or even assert that he has paid the fine imposed by the Seventh Circuit, thus the filing restriction remains in effect.

Mr. Pannell, however, correctly points that because this case was removed by the defendants, he is permitted to file certain papers because he is in a "purely defensive mode." *Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). When this is the case, as it is here, due process requires that be able to "file a response to any motion made by the defendant which could result in a final judgment." *Id.* at 706. But he cannot file other papers in this action, including "complaints, petitions, or motions." *Id.* Such papers must be returned to Mr. Pannell unfiled.

Now that the Court has set forth how the Seventh Circuit's filing restriction impacts this case, the Court must now screen Mr. Pannell's complaint.

**II.**

The plaintiff is a prisoner currently incarcerated at Indiana State Prison. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

As noted above, Mr. Pannell bring this action pursuant to 42 U.S.C. § 1983 and *Bivens* against Chief Judge Magnus-Stinson, the District Judge from this Court who ruled on Mr. Pannell's 28 U.S.C. § 2254 habeas action in Case No. 1:12-cv-01301-JMS-DML; Kelly Miklos, the attorney from the Indiana Attorney General's Office who represented the respondent in Mr. Panell's § 2254; and Gregory Zoeller, the former Indiana Attorney General. He alleges that Ms. Miklos and Mr. Zoeller conspired with Chief Judge Stinson in violation of his constitutional rights in order to deny him relief in his § 2254.

The defendants are all entitled to immunity. First, the plaintiff's claims against Chief Judge Magnus-Stinson must be **dismissed** because she is entitled to absolute immunity. Judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Chief Judge Magnus-Stinson's decision denying Mr. Pannell's habeas petition is certainly judicial in nature.

Second, Mr. Pannell's claims against Ms. Miklos and Mr. Zoeller are also barred by absolute immunity. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Absolutely immunity does not apply when the challenged actions "are not intimately associated with the judicial phase of the criminal

process," or "when [prosecutors] are performing non-prosecutorial actions, such as administrative and investigatory activities." *Id.* (citation and quotation marks omitted). "Protection hinges not on the defendant's job title, but on the nature of the function he performed." *Id.* at 613. Here, in defending Mr. Pannell's state criminal judgment against his collateral attack on it, Ms. Miklos and Mr. Zoeller were performing prosecutorial action that are directly related to the criminal process. Mr. Pannell's claims against them are therefore **dismissed**.

### III.

Mr. Pannell's complaint must be dismissed for each of the reasons set forth above. He shall have **through December 27, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

The clerk **shall accept and file** Mr. Pannell's response to this show cause order if one is filed. Any other papers shall be returned to Mr. Pannell unfiled.

**IT IS SO ORDERED.**

Date: 12/12/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID PANNELL
963265
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Electronically registered counsel