UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PANNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04272-WTL-MJD |
| ) | |
| JANE MAGNUS-STINSON, et al. ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Plaintiff David Pannell is a restricted filer in all courts within the United States Court of Appeals for the Seventh Circuit. Specifically, on April 11, 2017, the Seventh Circuit issued the following filing restriction in *Pannell v. Neal*, Nos. 17-1536 & 17-1573:

> Pannell is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit, in accordance with *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995). Any papers he submits attacking his current criminal judgment, including future collateral attacks, shall be returned unfiled and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise.

Mr. Pannell filed this action on October 20, 2017, in Indiana state court against Chief Judge Magnus-Stinson, the District Judge from this Court who ruled on Mr. Pannell's 28 U.S.C. § 2254 habeas action in Case No. 1:12-cv-01301-JMS-DML; Kelly Miklos, the attorney from the Indiana Attorney General's Office who represented the respondent in Mr. Pannell's § 2254; and Gregory Zoeller, the former Indiana Attorney General. The action was removed to federal court, specifically, the United States District Court for the Northern District of Indiana. It was then transferred to this Court.

This Court concluded that this action falls within the Seventh Circuit's filing restriction and therefore ordered Mr. Pannell to demonstrate that the fine imposed in Nos. 17-1536 & 17-

1573 has been paid or that the filing restriction is otherwise inapplicable.  Mr. Pannell failed to so demonstrate, thus the filing restriction remains in effect.

The Court then screened Mr. Pannell's Complaint pursuant to 28 U.S.C. § 1915A(b) and determined that he could not proceed with any of his claims because Chief Judge Magnus-Stinson was entitled to judicial immunity and Ms. Miklos and former Attorney General Zoeller were entitled to prosecutorial immunity.  Out of an abundance of caution, and pursuant to *Matter of Skupniewitz*, 73 F.3d 702 (7th Cir. 1996), the Court gave Mr. Pannell an opportunity to respond to the Court's screening entry since it "could result in a final judgment." *Id.* at 706.

Mr. Pannell's response fails to at all undermine the Court's conclusion that the defendants are entitled to immunity.  He instead argues that the defendants from the Indiana Attorney General's Office "conspired" with Chief Judge Magnus-Stinson to deny his habeas petition in Case No. 1:12-cv-01301-JMS-DML.  But Mr. Pannell's accusations of conspiracy, and his assertions that Chief Judge Magnus-Stinson was without "jurisdiction" to make the rulings she did, not only are untrue, but also fail to establish that the defendants are not entitled to judicial and prosecutorial immunity, respectively.

For these reasons, and those set forth in the Court's Screening Entry, Mr. Pannell's claims are **dismissed** pursuant to 28 U.S.C. § 1915A.  Final Judgment in accordance with this decision shall now issue.  Mr. Pannell is reminded that until he has paid the fine ordered by the Seventh Circuit, all papers following within that restriction will be returned to him unfiled.

**IT IS SO ORDERED.**

Date: 6/4/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID PANNELL
963265
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Wayne T. Ault
U.S. ATTORNEY'S OFFICE
wayne.ault@usdoj.gov

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov