UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PANNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04272-WTL-MJD |
| | ) |
| JANE MAGNUS-STINSON, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Motion to Alter or Amend the Judgment**

The Court entered Final Judgment in this action on June 4, 2018, after concluding that the defendants were entitled to judicial immunity and prosecutorial immunity, respectively. Presently before the Court is the plaintiff's Motion to Correct error in which he asks the Court to reconsider that decision. Given its substance, this motion shall be treated as a Rule 59(e) motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[W]hether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.").

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration

is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Nothing in the plaintiff's motion establishes that the Court committed a manifest error of law. The plaintiff largely repeats the arguments he previously made—e.g., that defendant Chief Judge Magnus-Stinson acted in the absence of jurisdiction when ruling on his § 2254 petition and that the defendants employed by the Indiana Attorney General's Office conspired with Chief Judge Magnus-Stinson to achieve the denial of his § 2254. But the Court already rejected these exact arguments, and the plaintiff, other than by re-urging them, has failed to explain why it was a manifest error to do so. Accordingly, his Rule 59 motion, dkt. [25], is **denied**.

**IT IS SO ORDERED.**

Date: July 9, 2018

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID PANNELL
963265
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Wayne T. Ault
U.S. ATTORNEY'S OFFICE
wayne.ault@usdoj.gov

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov